1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE L. REED,                           No. C-09-0324 TEH (PR)

        Plaintiff,

        v.

DEBORAH L. LEVY, et. al.,                  ORDER OF DISMISSAL

        Defendants.

_____/

I

      Plaintiff, a prisoner currently incarcerated at the
Oakland North County Jail in Oakland, California, has filed a pro se
civil rights complaint for damages under 42 U.S.C. § 1983 alleging
various violations of his rights by his court-appointed private
counsel Deborah L. Levy and Alameda County District Attorney Tom
Orloff during his prosecution on sexual assault charges in 2007.
Plaintiff had previously filed a pro se civil rights complaint
against the Alameda County Judge presiding over his 2007 sexual
assault trial, C-08-5612 TEH, which the court dismissed without
prejudice on December 24, 2008 for failure to state a claim.
Plaintiff's present complaint is now before the Court for review

pursuant to 28 U.S.C. § 1915A.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings, however, must be liberally construed.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

## III

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

In his present Complaint, C-09-0324 TEH, Plaintiff makes essentially the same allegations he made in his prior complaint, C-08-5612 TEH, namely, that certain charges against him which had been dismissed were read to the jury during trial, that the judge failed to allow him to "fire" his defense attorney despite multiple requests, that Plaintiff was convicted of charges for which the judge had previously found there was insufficient evidence to hold him over for trial, and that certain jurors were dismissed during

2

his trial when he was not present.  The difference between the two complaints is that Plaintiff is now suing his court-appointed private counsel, Deborah L. Levy, and Alameda County District Attorney Tom Orloff, rather than the trial judge.

A

Attorneys in private practice are not state actors.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors).  Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law.  See Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981); Briley v. California, 564 F.2d 849, 855-56 (9th Cir. 1977).  And claims for legal malpractice do not come within the jurisdiction of the federal courts.  See Franklin, 662 F.2d at 1344.

Plaintiff's allegations against his court-appointed private counsel, therefore, fail to state a claim upon which relief under § 1983 may be granted.  To whatever extent Plaintiff seeks a new state trial or appeal on the basis of ineffective assistance of counsel, he must do so by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code).

//

3

**B**

A prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity.  See <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272-73 (1993).  Prosecutors therefore are absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal case and its presentation at trial.  See <u>id.</u>; <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976); see, e.g., <u>Van De Kamp v. Goldstein</u>, No. 07-854, slip op. at 6-7 (U.S. Jan. 26, 2009) (relying on <u>Imbler</u> to extend absolute immunity to prosecutors performing certain administrative obligations related to the conduct of a trial, including claims that the prosecution failed to disclose impeachment material pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972) based on:  (1) failure to properly train prosecutors; (2) failure to supervise prosecutors; and (3) failure to establish an information system with potential impeachment information).  Prosecutors also are entitled to absolute immunity for the decision not to prosecute.  See <u>Botello v. Gammick</u>, 413 F.3d 971, 977 (9th Cir. 2005); <u>Roe v. City and County of San Francisco</u>, 109 F.3d 578, 583 (9th Cir. 1997).  For absolute immunity to apply, the activities at issue must be "intimately associated with the judicial phase of the criminal process."  <u>Imbler</u>, 424 U.S. at 430; see, e.g., <u>Genzler v. Longanbach</u>, 410 U.S. 630, 643-44 (9th Cir. 2005) (reversing denial of absolute immunity to supervisors of District Attorney's office where conduct alleged in complaint amounted to advocacy functions as set forth in <u>Imbler</u>).

Alameda County District Attorney Tom Orloff, therefore, is

4

1   entitled to absolute immunity for the prosecution of Plaintiff's

2   criminal trial.

3                                    IV

4          For the foregoing reasons, Plaintiff's Complaint is

5   DISMISSED WITHOUT PREJUDICE under the authority of 28 U.S.C. §

6   1915(e)(2)(B).  Plaintiff's Applications to Proceed In Forma

7   Pauperis (Doc. #s 2 & 4) are GRANTED in a separate order filed

8   simultaneously with this order.

9          The Clerk is directed to terminate any pending motions as

10  moot and close the file.

11         The clerk is further directed to provide Plaintiff with a

12  copy of the court's form petition for a writ of habeas corpus with

13  this order.

14

15         IT IS SO ORDERED.

16

17  DATED     03/03/09          _____

18                              THELTON E. HENDERSON
                                United States District Judge
19

20

21

22

23

24

25

26  G:\PRO-SE\TEH\CR.09\Reed-09-0324-dismissal.wpd

27

28                                   5